IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CIVIL CASE NO. 1:12cv155

| | |
|---|---|
| SHELBY PERSONNEL SERVICES UNLIMITED, INC., ) ) ) Plaintiff, ) ) vs. ) ) SFI HOLDINGS, LLC d/b/a Culinary ) Standards, RSW DISTRIBUTORIS, ) LLC. d/b/a Culinary Standards, ) AGRAGLOBAL FOODS, LLC, ) WILLOWBROOK FOODS I, LLC, ) and 212 NUWAY PACKING, LLC, ) ) Defendants. ) _____) | **O R D E R** |

**THIS MATTER** is before the Court *sua sponte* to ascertain subject matter jurisdiction.

The Plaintiff, a North Carolina corporation, initiated this action on June 19, 2012 alleging state law claims and diversity jurisdiction. [Doc. 1]. In the Complaint, the Plaintiff alleges the following:

1. Defendant SFI Holdings, LLC (SFI Holdings) d/b/a Culinary Standards is an Ohio limited liability company;

2. Defendant RSW Distributors, LLC (RSW) d/b/a Culinary Standards is

1

an Ohio limited liability company;

3. Defendant Agraglobal Foods, LLC (Agraglobal) is a limited liability company but its citizenship is not disclosed;

4. Defendant Willowbrook Foods I, LLC (Willowbrook) is an Ohio limited liability company; and

5. Defendant 212 Nuway Packing (Nuway), LLC is an Ohio limited liability company.

Although the Plaintiff has alleged that Defendant Willowbrook owns and/or controls RSW, Nuway, and SFI Holdings, it has not disclosed the constituent members of each of those limited liability companies. [Doc. 11-2]. As to Agraglobal, no membership or citizenship has been disclosed. Likewise, although the Plaintiff claims that Willowbrook merged with all of these entities, the constituent memberships remain unknown. [Id.].

Courts have an affirmative duty to question subject matter jurisdiction even when the parties have not done so. Interstate Petroleum Corp. v. Morgan, 249 F.3d 215 (4th Cir. 2001); Plyer v. Moore, 129 F.3d 728, 732 n.6 (4th Cir. 1997), cert. denied 524 U.S. 945, 118 S.Ct. 2359, 141 L.Ed.2d 727 (1998); 28 U.S.C. §1447(c)("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case

shall be remanded."). A limited liability company is a citizen of all states in which its constituent members are citizens. Carden v. Arkoma Associates, 494 U.S. 185, 110 S.Ct. 1015, 108 L.Ed.2d 157 (1990). As noted, the constituent members and/or partners of each of the Defendant has not been disclosed; thus, complete diversity has not been shown. Moreover, the ownership of any Defendant may involve multiple layers of non-corporate and/or non-human entities. This information must also be furnished for all such layers of ownership. The information must be supplied for the ownership as of the date of the filing of this action. Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 571, 124 S.Ct. 1920, 158 L.Ed.2d 866 (2004).

**IT IS, THEREFORE, ORDERED** that on or before fifteen (15) days from entry of this Order, the Plaintiff shall file response disclosing as to each Defendant the names and citizenships, if any, of all constituent members, and, for any such constituent members that are limited liability companies or partnerships, to identify the citizenships of the respective constituent members or partners until all such constituents are fully identified.

Signed: January 19, 2013

3

Martin Reidinger
United States District Judge