IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CIVIL CASE NO. 1:12cv155

| | |
|---|---|
| SHELBY PERSONNEL SERVICES UNLIMITED, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| SFI HOLDINGS, LLC d/b/a Culinary ) | |
| Standards, RSW DISTRIBUTORIS, ) | |
| LLC. d/b/a Culinary Standards, ) | |
| AGRAGLOBAL FOODS, LLC, ) | |
| WILLOWBROOK FOODS I, LLC, ) | |
| and 212 NUWAY PACKING, LLC, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**THIS MATTER** is before the Court on the Plaintiff's Response to Court Order Regarding Plaintiff's Motion for Default Judgment against the Remaining Defendants [Doc. 13].

## PROCEDURAL HISTORY

The Plaintiff initiated this action on June 19, 2012 alleging diversity jurisdiction and state law claims against the Defendants. [Doc. 1]. On October 26, 2012, this Court issued an Order to Show Cause concerning the Plaintiff's failure to effect service on the Defendants. [Doc. 3]. In

response, the Plaintiff filed a series of affidavits of service and a Notice of Voluntary Dismissal of the individual Defendants named in the Complaint. [Doc. 4-7]. Each of the remaining Defendants was in default; however, the Plaintiff took no action for entry of default. On November 27, 2012, the Court issued a second Order to Show Cause, this time requiring the Plaintiff to explain why the case should not be dismissed for failure to prosecute. In response, the Plaintiff dismissed SFI Holdings, Inc. and moved for entry of default as to the remaining Defendants. [Doc. 8; Doc. 9]. The Clerk of Court entered default on December 7, 2012. [Doc. 10]. The case remained in abeyance until January 16, 2013 when the Plaintiff moved for default judgment. [Doc. 11].

In considering the Plaintiff's motion for default judgment, the Court noted that each of the remaining Defendants is a limited liability company. As a result, a Carden notice was issued to the Plaintiff on January 23, 2013 requiring the disclosure of the names and citizenships of the constituent members of the limited liability companies. [Doc. 12]. The Court now considers the Plaintiff's response.

## STANDARD OF REVIEW

Courts have an affirmative duty to question subject matter jurisdiction even when the parties have not done so. Interstate Petroleum Corp. v.

Morgan, 249 F.3d 215 (4th Cir. 2001); Plyer v. Moore, 129 F.3d 728, 732 n.6 (4th Cir. 1997), cert. denied 524 U.S. 945, 118 S.Ct. 2359, 141 L.Ed.2d 727 (1998); 28 U.S.C. §1447(c)("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). A limited liability company is a citizen of all states in which its constituent members are citizens. Carden v. Arkoma Associates, 494 U.S. 185, 110 S.Ct. 1015, 108 L.Ed.2d 157 (1990).

Here, the constituent members and/or partners of each of the Defendants was not disclosed in the Complaint and, thus, complete diversity was not shown. That information, moreover, was required as of the date of the filing of this action. Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 571, 124 S.Ct. 1920, 158 L.Ed.2d 866 (2004). The Court therefore issued the Carden notice.

## DISCUSSION

The Plaintiff's response is incomplete.[1] The Court has been able to cobble from the Complaint and the Response the information recounted herein. First, the Plaintiff is a North Carolina corporation. [Doc. 1 at 1]. Thus, no member of any limited liability company Defendant may be a citizen of North Carolina or diversity is defeated. Harvey v. Grey Wolf

---

[1] It is noted that the Plaintiff's Response does not speak to the state of facts that existed at the time this action was filed, as is required. Grupo Dataflux, 541 U.S. at 571.

Drilling Co., 542 F.3d 1077, 1080 (5th Cir. 2008) (the citizenship of a limited liability company is determined by the citizenship of all of its members).

SFI Holding, Inc. (SFI Inc.) is a Texas corporation which does business as Simeus Foods International, Inc. (Simeus). [Id. at 2]. No information has been provided as to the citizenship of Simeus but its president is Kelly Hansen (Hansen), a Defendant previously dismissed by the Plaintiff.[2] [Id. at 3]. The Plaintiff also dismissed SFI Inc. [Doc. 8]. The Plaintiff's claims stem from its relationship with SFI Inc. [Doc. 1 at 5-6]. The Plaintiff allegedly provided temporary personnel services first to SFI Inc. and then to its various successor and related limited liability companies from May through September 2011 and December 2011 through March 2012. [Id.].

RSW Distributors, LLC (RSW) is an Ohio limited liability company which does business as Culinary Standards (Culinary). [Id. at 2; Doc. 13 at 2]. Ronald Wilheim (Wilheim), an Ohio citizen, is the managing member of RSW. [Id.; Doc. 13 at 2]. The Plaintiff dismissed Wilhem from the action. [Doc. 7]. The other members of RSW are Agraglobal Foods, LLC (Agraglobal), Wilhelm, Mark Littman, Joseph Stefanutti, Jose Quinones,

---

[2] Hansen is also the president of Simeus Foods International – Forest City, Inc. [Doc. 1 at 3]. The citizenship of this corporation is not disclosed although it appears to do business in Forest City, North Carolina. It is not, however, named as a Defendant.

Charles Palmer, David Bergonia and Richard Kriech (Kriech). [Doc. 1 at 2]. The identity and citizenship of any other member of Agraglobal have not been disclosed. The citizenship of the individuals, who have been dismissed from the case, also has not been disclosed. They may, however, be members of some of the limited liability Defendants.

Wilheim is also the managing member of the Defendant 212 Nuway Packing, LLC (Nuway). [Doc. 13 at 2]. The identity and citizenship of any other managing member has not been disclosed. Former Defendant Kriech is the registered agent for Nuway as well as RSW. [Id. at 3]. Whether or not he is a member has not disclosed. Nor has his citizenship.

In June 2011, SFI Inc. allegedly merged with Culinary to form SFI Holdings, LLC (SFI LLC).[3] [Doc. 1 at 4]. SFI LLC is an Ohio limited liability company doing business in North Carolina. [Doc. 13 at 3]. The managing member of SFI LLC is Willowbrook Foods I, LLC (Williowbrook), an Ohio limited liability company. [Id.]. Wilheim is a co-managing member of Willowbrook. [Id.]. The identity and citizenship of any other member of Willowbrook has not been disclosed although listing Wilheim as a co-managing member implies the existence of other members.

SFI Inc., Nuway and SFI LLC own and operate a food processing

---

[3] Culinary, however, is alleged to continue to be in business despite the purported merger. [Doc. 1 at 2].

facility in Forest City, North Carolina. [Doc. 1 at 5]. That facility operates under the name of SFI Inc. at 212 Nu-Way Packing Road, Forest City, North Carolina. [Id.]. The actual owner of the real estate located at that address is Nuway. [Id.].

As noted above, the Plaintiff has not provided the Court with information concerning the citizenship of all of the constituent members of the various limited liability companies named as Defendants. The Court cannot *assume* that there is no member of the Defendants which is a citizen of North Carolina. Laufer Wind Group LLC v. DMT Holdings L.L.C., 2010 WL 5174953 (S.D.N.Y. 2010). Nor may the Court *speculate* as to whether complete diversity exists. Id. The burden is on the Plaintiff to show that jurisdiction lies in this Court. The Plaintiff has therefore failed to establish diversity jurisdiction and the case must be dismissed. Id.; Hart v. Terminex Int'l, 336 F.3d 541, 543 (7thCir. 2003) (the citizenship of each membership layer must be traced and analyzed); Stafford v. Mobil Oil Corp., 945 F.2d 803, 805 (5th Cir. 1991) (failure to adequately allege the basis for diversity "mandates" dismissal). The Court therefore exercises its affirmative duty to question and ascertain subject matter jurisdiction and dismisses this action without prejudice. Interstate Petroleum, 249 F.3d at 219.

**ORDER**

**IT IS, THEREFORE, ORDERED** that this action is hereby **DISMISSED** without prejudice for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that the Plaintiff's Motion for Default Judgment [Doc. 11] is hereby **DENIED** as moot.

Signed: February 5, 2013

Martin Reidinger
United States District Judge